

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

FEB -2 1973

IN RE BONCOAT PRODUCTS    )
LIABILITY LITIGATION      )         DOCKET NO. 117

OPINION AND ORDER

BEFORE ALFRED P. MURRAH *, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

     Martin Marietta Corporation, a defendant in an action in the Western District of Missouri and a third-party defendant in an action in the Eastern District of North Carolina, moves for the transfer of the Missouri action to North Carolina. We find that there are insufficient common questions of fact raised by the two actions to make coordinated or consolidated pretrial proceedings necessary for the convenience of the parties and witnesses or for the just and efficient conduct of the litigation.

     During the years 1970 and 1971 Martin Marietta sold magnesium oxide to M & D Enterprises, Inc., for use in the manufacture of "Boncoat", a cement-like product designed for application to the exterior surfaces of buildings. It appears that some of M & D's customers complained about the results obtained with "Boncoat" purchased during this period, allegedly seeking price adjustments, removal, replacement and other relief.

---

\*   Although Judge Murrah was not present at the hearing, he has, with the consent of all parties, participated in this decision.

- 2 -

M & D has filed suit in the Western District of Missouri against Martin Marietta, alleging that Martin Marietta supplied defective magnesium oxide which is responsible for the difficulties encountered by the complaining "Boncoat" purchasers. M & D seeks recovery of the amount of damages suffered by it as a result of these defects. More specifically, M & D alleges that it has and will suffer lost profits and business, damage to its reputation and costs and expenses in the removal and replacement of "Boncoat" and in price adjustments to customers.[1]

The second suit was brought later by Burroughs Wellcome Co. in the Eastern District of North Carolina. Burroughs contracted for the construction of its corporate headquarters in North Carolina and the exterior surface of the completed building was finished with "Boncoat", applied by a subcontractor. Burroughs alleges that application of the "Boncoat" resulted in erosion and other damage to its building and seeks to recover the amount of those damages from its architect, its general contractor, the subcontractor who applied the "Boncoat" and M & D. In that action, M & D asserts a third-party claim against Martin Marietta for indemnification or, alternatively, contribution by reason of the allegedly defective magnesium oxide supplied.

In addition, various other cross-claims and counterclaims are asserted in the North Carolina action. The architect and general contractor cross-claim against each other and the

---

[1] Martin Marietta has moved for the transfer of this action to the Eastern District of North Carolina pursuant to 28 U.S.C. §1404(a). That motion has not been argued and it is being held in abeyance pending our decision under 28 U.S.C. §1407.

- 3 -

remaining two defendants for indemnification. And the subcontractor counterclaims against Burroughs and cross-claims against the general contractor for additional work done on the building and cross-claims against the other two defendants for indemnification.

There are obviously substantial differences in the factual issues raised in the two actions. In opposing transfer, both M & D and Burroughs emphasize the wide range of factual matters which are relevant only to the North Carolina suit. For example, Burroughs' claim against the general contractor raises the question of the meaning and effect of the contract between those two parties while its claim against the architect raises the issue of negligence and conformity with professional standards in the design and specifications for the building. Discovery and pretrial proceedings on these issues would be of little value to M & D and Martin Marietta in the litigation of their dispute.

It is only the third-party action in North Carolina which raises any issues of fact common to the Missouri case and those common issues are extremely limited. Martin Marietta asserts that any damages M & D might be required to pay Burroughs Wellcome in North Carolina would be the subject of the third-party action in North Carolina as well as a substantial part of the total damages sought in Missouri. While not denying the possibility of such an overlap in the damages sought, M & D argues that it has paid more than twenty claims relating to allegedly defective "Boncoat" and denies that the indemnification

which it seeks from Martin Marietta in North Carolina could be a substantial part of the damages sought from that party in Missouri.

The differences between the cases are further emphasized by the fact that the Missouri action arises out of M & D's purchases of magnesium oxide over a twenty-month period. During that time it appears that Martin Marietta made twenty separate shipments to M & D, that many separate batches of "Boncoat" were produced and that many separate applications of the product were made to different buildings by different persons under different conditions. The application to the Burroughs Wellcome building is apparently only one of more than twenty which has resulted in complaints. Although Martin Marietta may be correct in suggesting that the general question of the defectiveness of its magnesium oxide will be common to both the Missouri and North Carolina cases, the resolution of that general question will turn on largely individual sets of facts for each claim paid by M & D.

A more appropriate solution to the possibility of repetitive discovery in this litigation would be a stipulation among the parties providing for the taking of depositions of common witnesses before representatives of all parties in both actions and the use of the resulting depositions in either action. At the hearing on this matter counsel for Martin Marietta indicated that such a stipulation would be agreeable to him and it appears that the agreement of the other parties might be obtained.

- 5 -

IT IS THEREFORE ORDERED that the motion of Martin Marietta Corp. for the transfer and pretrial coordination of the actions listed on the attached Schedule A, pursuant to 28 U.S.C. §1407, be, and the same hereby is, DENIED.

**SCHEDULE A**                                          **DOCKET NO. 117**

### WESTERN DISTRICT OF MISSOURI

M & D Enterprises, Inc., d/b/a
M & D Corporation v. Martin Marietta            Civil Action
Corp.                                           No. 2854

### EASTERN DISTRICT OF NORTH CAROLINA

Burroughs Wellcome Co. v. Daniel                Civil Action
Construction Co., Inc., et al.                  No. 3036